UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILMER ALEXIS R.V.,

Petitioner,

v.

SCOTT FRAUENHEIM, in his official capacity as Warden and Facility Administrator of Central Valley Annex,

Respondent.

No. 1:26-cv-06415-RLP

ORDER GRANTING HABEAS PETITION IN PART

Before the Court is Petitioner Wilmer Alex R. V.'s [1] ("Petitioner") petition for writ of habeas corpus filed on his behalf by a purported "next friend," ECF No. 1, and Mr. R. V.'s Notice of Intent to Proceed Pro Se and verification of the Petition. ECF No. 1, 10. Mr. R. V. challenges his arrest and detention and requests immediate release or, alternatively, an individualized bond hearing before a neutral

[1] The Court omits Petitioner's full name to protect sensitive personal information.

decision maker. Respondent filed a late response to the Petition which requests the Court deny the petition because Petitioner is properly in removal proceedings and because Petitioner is able to request and receive a bond hearing.[2] For the reasons set forth below, the Court orders that Petitioner receive a bond hearing.

## BACKGROUND

Petitioner is a citizen of Honduras who has no prior immigration history in the United States, having arrived on an unknown date. ECF No. 8-2 at 2. His only criminal history occurred 14 years ago, a 2012 conviction in Herber City, Utah, for Open Container/Drinking Alcohol in a Vehicle, a Class C misdemeanor. *Id.* On July 28, 2026, after a vehicle stop, the Tooele County, Utah, Sheriff's Office contacted immigration officers and Petitioner was taken into custody. *Id.* Petitioner was not charged with a criminal offense. *Id.* After initially being held elsewhere,

---

[2] Also before the Court is a notice filed by the purported next friend detailing various issue and difficulties encountered by Petitioner in receiving and sending mail while detained. ECF No. 11. As previously explained by the Court, a next friend is not authorized to represent or act on behalf of Petitioner *pro se* in this proceeding. ECF No. 5. Regardless, the Court has received Petitioner's Notice of Intent to Proceed which is sufficient for the Court to consider the Petition.

he was transferred to Central Valley Annex in McFarland, California, where he remains in custody. ECF No. 1. According to Petitioner, he was initially told he would receive a bond hearing but was transferred to California and a bond hearing has not yet occurred.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Respondent acknowledges Petitioner is detained pursuant to 8 U.S.C. § 1226(a). ECF No. 8. Under § 1226(a),

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole.

8 U.S.C. § 1226(a)(1)-(2).

Respondent agrees that Petitioner is "able to request and receive a bond hearing" yet contends this petition for a writ of habeas corpus should be denied without further argument or explanation. ECF No. 8. To the extent this suggests the argument that Petitioner should be required to exhaust remedies by requesting a bond hearing, this habeas petition is construed as a request for a bond hearing. Therefore, Petitioner is entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). Given there is no record of prior consideration of danger to the community or a flight risk, the Court finds it appropriate to order an initial bond hearing.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED in part.**

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner (A# 222597474)

with an initial bond hearing as set forth above. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. Petitioner **SHALL** have the right to be represented by counsel at the bond hearing and shall receive at least **72 hours advance notice** of the bond hearing.

4. **Within 3 days** from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order and stating the outcome of the bond hearing, including a transcript or recording of the bond hearing.

5. The Motion to Appoint Counsel, **ECF No. 7**, is **DENIED** as moot.

**IT IS SO ORDERED.** The Court clerk shall enter this Order, enter judgment for Petitioner, provide copies to counsel, and **CLOSE** the file.

**DATED** September 16, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE